IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BRENDA HANSHAW, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 6:16-cv-82 |
| AMERICAN HERITAGE LIFE INSURANCE COMPANY, | § § § | |
| Defendant. | § § § § | |

## NOTICE OF REMOVAL

Defendant, for the purpose only of removing this cause to the United States District Court for the Western District of Texas, Waco Division, states:

1. **State Court Action**. This is an action filed by Plaintiff on December 30, 2015 in the 87th Judicial District Court of Limestone County, Texas, being numbered 30,806-B on the docket of said court, and being a suit by Plaintiff essentially to recover benefits under two insurance policies.

2. **Diversity of Citizenship.** This action is removable under 28 U.S.C. §§ 1332, 1441, and 1446 inasmuch as the amount in controversy exceeds $75,000.00 and is between parties with diverse citizenship. Plaintiff is a citizen of Texas. (Petition, § I, p. 1.) Defendant is a Florida corporation, with its principal place of business in Jacksonville, Florida. (*See* Declaration, Exhibit A.) Thus, Plaintiff is a citizen of Texas and Defendant is a citizen of Florida for removal purposes. Accordingly, there is complete diversity of

citizenship between Plaintiff and Defendant at the time of filing suit and at the time of removal.

3.      **Amount in Controversy.** The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. As alleged in the Petition, Plaintiff seeks monetary relief "in excess of $50,000, and reasonable attorney fees for the preparation and trial in this Court." (Petition, p. 3.) Also in this regard, and by letter dated January 5, 2015, Plaintiff, through her attorney, notified Defendant that she was improperly denied a benefit valued at $57,960.00.[1] Further, this benefit was not one of the benefits listed in "Exhibit A" to Plaintiff's petition, and as such adds to the total amount at controversy. *See Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008) ("Pre-suit demand letters may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000.") (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir.1998)). Plaintiff also alleges delay damages pursuant to the Texas prompt-payment statute formerly codified at Article 3.62 of the Texas Insurance Code (Petition, ¶ VIII, pp. 2-3), now codified at Sections 542.058 and 542.060 of the Texas Insurance Code.[2] Pursuant to Sections 542.058 and 542.060, an insurer may be held liable for eighteen-percent (18%) per year plus attorney's fees for delayed payment of policy proceeds more than sixty (60) days following receipt of claim. The accrual date for calculating delay damages is the date

---

[1] A true and correct copy of the Plaintiff's January 5, 2015, letter is attached hereto as <u>Exhibit B</u>.

[2] *See Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 4-5, 25, FN 4-5 (Tex. 2007) (discussing the long history of Texas prompt-pay statutes and the fact that Article 3.62 was later codified as Article 21.55, and eventually Sections 542.058 and 542.060); *see also Watson v. Provident Life & Acc. Ins. Co.*, CIV.A. 3:08-CV-2065-, 2009 WL 1437823, at *4-5 (N.D. Tex. May 22, 2009) (the legislative intent behind Article 21.55 and Section 542.060 is the same and that they should be interpreted similarly).

upon which the insurer rejected the insured's claim. *See Cater v. United Serv. Auto. Ass'n*, 27 S.W.3d 81, 85 (Tex. App.—San Antonio, 2000, pet denied). Plaintiff submitted several claims and therefore it would be difficult to pinpoint a precise accrual date. However, according to Plaintiff's letter dated February 10, 2015, by at least December 24, 2014, Defendant had notified Plaintiff what benefits would be covered.[3] Using December 24, 2014, as a conservative accrual date, Plaintiff's alleged delay damages exceed $11,250. Furthermore, this amount should be "included in calculating the amount in controversy. *Watson v. Provident Life & Acc. Ins. Co.*, CIV.A. 3:08-CV-2065, 2009 WL 1437823, at *5 (N.D. Tex. May 22, 2009); *see also St. Paul*, 134 F.3d at 1254-55 (Fifth Circuit expressly held that the 18% penalty under the Code was properly considered in computing the amount in controversy). Plaintiff also seeks attorney's fees of at least $3,000.00. (Petition, p. 3.) As set forth in the Declaration of Daniel M. Branum, attorneys' fees in this matter will likely exceed $20,000. (*See* Declaration at Exhibit D.) The Court may rightly consider evidence of reasonable attorney's fees in the form of a declaration by the removing attorney. *See Watson*, CIV.A. 3:08-CV-2065, 2009 WL 1437823, at *5-7 (defendant met the burden of proving, by a preponderance of evidence, that the amount in controversy exceeded $75,000.00 where defendant submitted a declaration from one of its lawyers estimating the total attorney's fees would exceed $30,000).[4] Taking into account that Plaintiff expressly alleged in her Petition that

---

[3] A true and correct copy of the February 10, 2015, letter is attached hereto as Exhibit C.

[4] In *Watson*, the plaintiff only expressly alleged damages of $47,869.92 in unpaid insurance benefits. CIV.A. 3:08-CV-2065, 2009 WL 1437823, at *3. However, the Court added to that amount the 18% statutory interest from Texas Insurance Code Section 542.060 ($6,310.83), the attorney's fees demanded in a pre-suit demand letter ($5,000), and the alleged reasonable attorney's fees that would be incurred if the case went to trial ($30,000), as evidenced from the defendant's attorney's declaration. *Id.* at *7.

her damages exceed $50,000 and her attorney's fees exceed $3,000, coupled with the additional damages sought in her attorney's pre-suit demand letters (exceeding $57,960.00), the statutory delay damages (exceeding $11,250), and the reasonable attorney's fees she will likely incur (likely exceeding $20,000), the amount in controversy exceeds the $75,000.00 exclusive of interest and costs. This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1332, and Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (removal is proper if defendant shows by preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount). This action is wholly civil in nature.

4.  **Removal is Timely.** Defendant was served with process on March 10, 2016. Removal is therefore timely under 28 U.S.C. § 1446(b), as Defendant has removed this case within thirty (30) days of being served with process.

5.  **State Court Documents Attached.** Filed simultaneously herewith is an index of state court documents.

6.  **Notice.** Defendant will give notice of filing of the Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d) and will file with the state court a notice of filing this Notice of Removal.

7.  **Prayer.** Defendant prays that the United States District Court for the Western District of Texas, Waco Division, accepts this Notice of Removal, that it

assumes jurisdiction of this cause, and that it issues such further orders and processes as may be necessary to bring it all parties necessary for the trial hereof.

Dated: April 8, 2016                     Respectfully submitted,

By:  /s/ Andrew G. Jubinsky
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    andy.jubinsky@figdav.com
    Daniel M. Branum
    Texas Bar No. 24064496
    dan.branum@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on April 8, 2016.

**Via CMRRR:**
Joe Cannon
joe@cannonandwilson.com
Cannon & Wilson, P.C.
215 W. State Street
P.O. Box 109
Groesbeck, Texas 76642

/s/ Andrew G. Jubinsky
Andrew G. Jubinsky